UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SONNY B. SOUTHERLAND, JR.,

                      Plaintiff,

   -against-

STEVEN BANKS, individually and in his
official capacity as Commissioner of the
New York City Human Resources
Administration Department of Social
Services of Child Support Enforcement,
and its Agents,

                      Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-6088 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On October 19, 2015, plaintiff Sonny B. Southerland, Jr., proceeding *pro se*, filed this action against defendants Steven Banks, individually and in his official capacity as Commissioner of the New York City Human Resources Administration Department of Social Services of Child Support Enforcement, and its Agents. The court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order. The complaint is dismissed for lack of subject matter jurisdiction as set forth below.

## BACKGROUND

Plaintiff alleges that defendants suspended his driver's license due to child support arrears without due process. (Compl. (Doc. No. 1) at ¶¶ 9−10.) Plaintiff argues that he should be exempted from the suspension of his driver's license because he is indigent. (*Id.* at ¶ 10.) In addition, plaintiff brings claims of, *inter alia*, conspiracy, false billing, mail fraud, false arrest, negligence, and intentional infliction of emotional distress, all rooted in his child support arrears and the suspension of his license due to that debt. (*Id.* at 1.) Plaintiff alleges that "[o]n or about June 20, 2010, a Family Court Magistrate issued a temporary order of support for Plaintiff's daughter in the amount of $25.00 per month" and "[o]n or about September 28, 2010, a

retroactive default order was issued in the amount of $34.00 per week, for two children." (*Id.* at ¶¶ 22−23.) Plaintiff seeks $2.5 million in damages. (*Id.* at ¶¶ 42, 47, 51, 55, 60.)

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In addition, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (internal quotations omitted). The court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009); *Serrao v. Grant*, No. 14-CV-7149, 2014 WL 7338780, at *1 (E.D.N.Y. Dec. 22, 2014).

## DISCUSSION

It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). Pursuant to Article III of the Constitution, Congress has granted district courts jurisdiction to hear only those cases in which there is either a federal question or where jurisdiction is based on diversity of citizenship. *See Perpetual Secs., Inc. v. Tang,* 290 F.3d 132, 136 (2d Cir. 2002). If subject matter jurisdiction is lacking, a case may not be brought in federal court. "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co.*

*v. Lussier,* 211 F.3d 697, 700–01 (2d Cir. 2000). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." *Wynn v. AC Rochester,* 273 F.3d 153, 157 (2d Cir. 2001).

The gravamen of plaintiff's complaint is that his driver's license was wrongfully suspended due to his child support arrears.[1] (Compl. at ¶ 24.) Plaintiff alleges that he made a payment of $2,450.00 on September 12, 2011, but does not dispute that he is still in arrears. (*Id.* at ¶ 30.) Rather, plaintiff argues that he should be exempt from child support enforcement because he is impoverished. (*Id.* at ¶¶ 17–20.)

It is well-settled that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–94 (1890). "The domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992). Here, plaintiff challenges the enforcement and effect of his child support obligations, and although he invokes his constitutional rights and federal statutes, the essence of his allegations concern state law domestic relations matters. Without determining the merits of plaintiff's claims, the court cannot review his child support obligations as this is a matter of state domestic relations law. *See Joseph v. Stewart,* No. 13–CV–1678, 2013 WL 3863915, at *2 (E.D.N.Y. July 24, 2013) (dismissing constitutional challenge to child support enforcement that resulted in the suspension of plaintiff's driver's and professional licenses and loss of unemployment benefits for lack of subject matter jurisdiction); *Watty v. Cuomo,* No. 12-

---

[1] When a child support account goes into arrears, valid enforcement methods include: (1) issuance of income executions; (2) intercepting state and federal income tax returns; (3) suspension of a driver's license; (4) imposing liens on real and personal property; and (5) seizure of assets. *See* 42 U.S.C. § 666(a)(1)-(16); Social Security Act § 111–t, 111–u. Pursuant to N.Y. Veh. & Traf. Law § 530, an individual whose license has been suspended pursuant to N.Y. Veh. & Traf. Law § 510, the section applicable to plaintiff's suspension, may seek a restricted license for the purposes of continuing to work, pursue an education, or receive medical care. *Id.* § 530(1); *Collins v. Saratoga County Support Collection Unit,* 528 F. App'x 15, 16-17 (2d Cir 2013).

CV-2660, 2013 WL 812491, at *4 (E.D.N.Y. Jan. 28, 2013) (Report and Recommendation) *adopted by id.*, 2013 WL 816284 (E.D.N.Y. Mar. 1, 2013) ("The complaint does not explicitly seek alteration or issuance of a child support decree, and [plaintiff] insists that this is not a child support case. He invokes constitutional and other rights, but the substance of his claims about the impact on him of child support orders concerns state law domestic relations matters, matters that are better adjudicated in state court."); *Sullivan v. Xu*, No. 10–CV–3626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug.13, 2010) ("Although plaintiff invokes his constitutional rights, the substance of his claims concern state law domestic relations matters."); *see also Donahue v. Pataki,* 28 F. App'x 59, 60 (2d Cir. 2002) (holding that federal court lacks jurisdiction over child support payments); *Csikota v. Tolkachev,* No. 08–CV–5283, 2010 WL 370284, at *3 (E.D.N.Y. Jan. 29, 2010) ("The [domestic relations] exception has consistently been applied to child support judgments as well."). Thus, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to the domestic relations exception. Fed. R. Civ. 12(h)(3).

A court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, here, an amendment would be futile for the reasons stated herein.

**CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed, without prejudice. The Clerk of Court is directed to enter judgment accordingly, mail a copy of the judgment and this Memorandum and Order to plaintiff *pro se*, and close the case.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444−45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
December 30, 2015